IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

**ISRAEL RIVERA, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 2:21-cv-1025

**STRYTEN ENERGY, LLC**            **DEFENDANT**

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

Plaintiff Israel Rivera ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Josh Sanford of the Sanford Law Firm, PLLC, *pro hac vice* to be filed, and Jill Zwagerman of Newkirk Zwagerman, PLC, for his Original Complaint—Collective Action against Stryten Energy, LLC ("Defendant"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiff and all others similarly situated a proper overtime compensation under the FLSA within the applicable statutory limitations period.

2. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

Page 1 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR     Document 1     Filed 11/15/21     Page 1 of 13

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Iowa has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Iowa.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Iowa has personal jurisdiction over Defendant, and Defendant therefore "resides" in Iowa.

6. Plaintiff was employed by Defendant at its facilities located in Delaware County. The acts alleged in this Complaint therefore had their principal effect within the Eastern Division of the Northern District of Iowa, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Delaware County.

8. Defendant is a foreign, limited liability company.

9. Defendant's registered agent for service is Corporation Service Company at 505 5th Avenue, Suite 729, Des Moines, Iowa 50309.

10. Defendant, in the course of its business, maintains a website at https://www.stryten.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

Page 2 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR    Document 1    Filed 11/15/21    Page 2 of 13

12. Defendant's primary business is manufacturing batteries for motive power equipment, telecommunications and utility systems, and vehicles.

13. During the relevant statute of limitations period, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools, materials, and equipment.

14. Specifically, Plaintiff regularly used the instrumentalities of interstate commerce in his work, such as using tools, materials, and equipment in the manufacturing of batteries.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) during the relevant statute of limitations period.

16. At all times material herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

17. Defendant employed Plaintiff as an hourly-paid "Process Attendant" from March of 2019 to October of 2020.

18. Defendant also employed other hourly-paid workers, who, upon information and belief, were paid in the same or a similar manner as Plaintiff ("hourly employees").

19. Defendant classified Plaintiff and other hourly employees as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

20. At all times material herein, Plaintiff and other hourly employees have been entitled to the rights, protections, and benefits provided under the FLSA.

Page 3 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR     Document 1     Filed 11/15/21     Page 3 of 13

21. At all relevant times herein, Defendant directly hired Plaintiff and other hourly employees to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

22. Plaintiff regularly worked over forty hours per week while employed by Defendant.

23. Other hourly employees worked over forty hours in at least some weeks while employed by Defendant.

24. Plaintiff's overtime rate was often less than 1.5x his base hourly rate.

25. Upon information and belief, other hourly employees also received an overtime pay rate of less than 1.5x their base hourly rate.

26. In addition to his hourly rate, Plaintiff received incentive bonuses based on production criteria ("production bonuses").

27. Upon information and belief, other hourly employees also received production bonuses.

28. The production bonuses were based on measurable, objective criteria.

29. Plaintiff and other hourly employees expected to receive and did in fact receive these production bonuses on a periodic basis.

30. Additionally, Defendant paid Plaintiff housing and car allowances.

31. Upon information and belief, other hourly employees also received housing and/or car allowances.

32. These housing and car allowances were part of Defendant's compensation package.

Page 4 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR    Document 1    Filed 11/15/21    Page 4 of 13

33. Defendant determined the regular rate of pay of Plaintiff and other hourly employees based solely on their base hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and other hourly employees.

34. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35. Defendant determined the regular rate of pay of Plaintiff and other hourly employees based solely on employees' hourly rate, without including the value of the housing and/or car allowances that Defendant provided to Plaintiff and other hourly employees.

36. 29 C.F.R. § 778.217 requires that where an employer pays an employee for "normal everyday expenses," such as "free lunches or free housing," or furnishes the facilities to the employee, "the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay[.]"

37. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses and housing and/or car allowances, in the regular rate when calculating Plaintiff's and other hourly employees' overtime pay.

38. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

Page 5 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR   Document 1   Filed 11/15/21   Page 5 of 13

39. At all relevant times herein, Defendant has deprived Plaintiff and other hourly employees of proper overtime compensation for all hours worked over forty per week.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff brings his FLSA claim on behalf of all other hourly, bonusing employees who were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as nonexempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs

43. Plaintiff proposes the following collectives under the FLSA:

**1: All employees who worked over 40 hours in any week in the past three years in which their overtime rate of pay was less than 1.5x their base hourly rate.**

**2: All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

**3: All hourly-paid employees who received housing and/or car allowances in any week in which they worked**

Page 6 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR   Document 1   Filed 11/15/21   Page 6 of 13

**more than forty hours within the past three years.**

44. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

46. The first proposed FLSA collective members are similarly situated in that they share these traits:

   A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

   B. They were paid hourly rates;

   C. They were not paid an overtime premium of 1.5x their base hourly rate; and

   D. They worked over 40 hours in at least one week within the relevant time period.

47. Plaintiff is unable to state the exact number of the collective but believes that there are at least 300 other employees who worked as hourly employees, worked more than 40 hours in any week in the past three years, and were not paid proper overtime premiums for hours worked over 40 in a week.

48. The second proposed FLSA collective members are similarly situated in that they share these traits:

   A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

Page 7 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action
Case 6:21-cv-02056-CJW-MAR   Document 1   Filed 11/15/21   Page 7 of 13

B.  They were paid hourly rates;

C.  They were eligible for and received nondiscretionary bonuses;

D.  They worked over forty hours in at least one week in which they performed work in connection with a bonus; and

E.  They were subject to Defendant's common policy of failing to include the bonuses in their regular rate when calculating their overtime pay.

49.  Plaintiff is unable to state the exact number of the collective but believes that there are at least 300 other employees who worked as hourly employees and received an improperly calculated overtime rate due to a failure to include the nondiscretionary bonuses in their regular rate of pay.

50.  The third proposed collective members are similarly situated in that they share these traits:

A.  They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

B.  They were paid hourly rates;

C.  They were eligible for and received housing and/or car allowances;

D.  They worked over forty hours in at least one week in which they received a housing and/or car allowance; and

E.  They were subject to Defendant's common policy of failing to include the housing and/or car allowances in their regular rate when calculating their overtime pay.

51.  Plaintiff is unable to state the exact number of the collective but believes that there are at least 16 other employees who worked as hourly employees and received

Page 8 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR    Document 1    Filed 11/15/21    Page 8 of 13

an improperly calculated overtime rate due to a failure to include the housing and/or car allowances in their regular rate of pay.

52. Defendants can readily identify the members of the Section 16(b) collectives described above.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

54. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

56. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate for all hours worked in excess of forty per week.

Page 9 of 13
**Israel Rivera, et al. v. Stryten Energy LLC**
**U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025**
**Original Complaint—Collective Action**
Case 6:21-cv-02056-CJW-MAR    Document 1    Filed 11/15/21    Page 9 of 13

59. Defendant violated Sections 778.208 and 778.217 of Title 29 of the CFR by not including all forms of compensation, including nondiscretionary bonuses and housing and car allowances, given to Plaintiff in his regular rate when calculating his overtime pay.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff brings this collective action on behalf of himself and all similarly situated employees to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all hours he and all others similarly situated worked in excess of forty each week.

65. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

Page 10 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR     Document 1     Filed 11/15/21     Page 10 of 13

66. Defendant classified Plaintiff and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

67. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

68. Defendant violated Section 778.208 and 778.217 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses and housing and/or car allowances, given to Plaintiff and similarly situated employees in their regular rate when calculating their overtime pay.

69. Upon information and belief, Plaintiff and all or almost all employees who received nondiscretionary bonuses worked more than forty hours in at least one week in which they performed work connected to a bonus.

70. Upon information and belief, Plaintiff and all or almost all employees who received housing and/or car allowances worked more than forty hours in at least one week during their employment with Defendant.

71. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

72. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

73. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

Page 11 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action
Case 6:21-cv-02056-CJW-MAR    Document 1    Filed 11/15/21    Page 11 of 13

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Israel Rivera, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its attendant regulations;

D. Certification of collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and its attendant regulations;

F. Judgment for liquidated damages pursuant to the FLSA and its attendant regulations;

G. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees, and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Page 12 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action

Case 6:21-cv-02056-CJW-MAR   Document 1   Filed 11/15/21   Page 12 of 13

Respectfully submitted,

**ISRAEL RIVERA, Individually
and On Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ April Rheaume
April Rheaume
Ark. Bar No. 2015
april@sanfordlawfirm.com
*PHV Motion to be filed*

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV Motion to be filed*

NEWKIRK ZWAGERMAN, PLC
521 East Locust Street, Suite 300
Des Moines, Iowa 50309
Telephone: (515) 883-2000

/s/Thomas Newkirk
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com

**Page 13 of 13
Israel Rivera, et al. v. Stryten Energy LLC
U.S.D.C. (N.D. Iowa) No. 2:21-cv-1025
Original Complaint—Collective Action**
Case 6:21-cv-02056-CJW-MAR    Document 1    Filed 11/15/21    Page 13 of 13